UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

Case No.: **SA CV08-752-AHS(ANx)**                               Date: **April 12, 2010**

Case Title: **HONGLAN CHO, et al. v. CITY OF LA HABRA, et al.**

===================================================================

PRESENT:   **THE HONORABLE ALICEMARIE H. STOTLER, U.S. DISTRICT JUDGE**

| **Ellen Matheson** | **Deborah Parker** |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEY(S) PRESENT FOR PLAINTIFF(S):   ATTORNEY(S) PRESENT FOR DEFENDANT(S):
Shelley Kaufman                          Bruce A. Praet

PROCEEDINGS:   DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

    Cause called.  Tentative Ruling provided to counsel prior to hearing, a copy of which shall be attached to the clerk's minutes on these proceedings.  Hearing held.  Counsel argue.  Court rules in accordance with it's Tentative Ruling, defendants' motion is DENIED.  Court schedules the new trial date for September 21, 2010, at 9:00 a.m.  Counsel are ordered back at that time.

    Counsel are further ordered to appear before Magistrate Judge Arthur Nakazato for a settlement conference.  The parties shall contact Judge Nakazato's clerk regarding scheduling.

 

                                                                                                                         00 : 30
                                        Initials of Deputy Clerk:   enm

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          SOUTHERN DIVISION

   THE HONORABLE ALICEMARIE H. STOTLER, DISTRICT JUDGE, PRESIDING

                TENTATIVE RULING ON LAW & MOTION MATTERS

                   April 12, 2010 Calendar No. 1


   CASE:        Honglan Cho, et al. v. City of La Habra, et al,
                SA CV 08-752 AHS (ANx)

   PENDING:  Defendants' Motion for Judgment as a Matter of Law
```

1.  The Court denies Defendants' Motion.

As to defendants' argument that an instruction on the "availability of alternatives" is improper, the determination of what constitutes a reasonable range of conduct "requires consideration of the totality of the circumstances, including whether a warning was given and the availability of alternative methods of capturing and subduing a suspect." Brooks v. City of Seattle, --- F. 3d ----, 2010 WL 1135776, at *5 (9th Cir. March 26, 2010) (citations omitted).  Unlike the officers in Brooks, who used "less than intermediate" force by tasering a suspect, which was "more on par6 with pain compliance techniques," the defendant-officers in this case used the maximum amount of force. Id. at *7.  Construing the evidence most favorably to plaintiffs, as the Court is required to do when considering a Rule 50 motion, EEOC v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009), the Court finds that the circumstances here suggest that defendant-officers' use of deadly force and failure to consider or use non-lethal alternatives might have been unreasonable.  See Brooks, 2010 WL 1135776 at *9 (distinguishing cases such as "Smith and Davis, where there was evidence suggesting it would have been reasonable to use less force.").  Accordingly, instructing the jury on the "availability of alternatives" was not improper.

The modification of defendants' proposed jury instruction did not mislead the jury.  The Court's instruction stated:  "Police officers need not avail themselves of the least intrusive means when responding to an exigent situation.  Officers need only act reasonably given the circumstances, as set forth in the previous instruction." (See Doc. No. 91 at 8.)  The Court's instruction is virtually identical to a passage taken

directly from <u>Scott</u>, 39 F.3d at 915: "Officers thus need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable." While it is absolutely clear that officers need not use the least amount of force, it is equally clear that they are not authorized to use the maximum amount of force in any given situation. Instead, the amount of force used must be reasonable, as adequately set forth in the jury instructions.

Finally, defendants' claim for qualified immunity has been previously adjudicated by the Court adversely to defendants, both in their motion for summary judgment, (<u>see</u> Doc. No. 30), and in their request for a jury instruction on qualified immunity, (Doc. No. 87). To the extent that defendants' have preserved this defense in the Final Pretrial Conference Order, (<u>see</u> Doc. No. 46), the Court denies defendants' claim.

The Court finds that the undisputed material facts do not warrant judgment for defendants as a matter of law. Accordingly, defendants' motion is denied.

2. The Court orders retrial to commence September 21, 2010, at 9:00 a.m. and orders all counsel to be present on that date and time.

3. The parties are ordered to a settlement conference before the Honorable Arthur Nakazato and are ordered to contact the courtroom deputy clerk to Magistrate Judge Nakazato to arrange a date and time for the conference.